UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
PATRICK THOMAS, *pro se*,  :
 :
                        Plaintiff,  :
 :                    **SUMMARY ORDER**
              -against-          :                    13-cv-00893 (DLI) (LB)
 :
DANIEL MARTUSCELLO, Superintendent, :
Coxsackie Correctional Facility,  :
 :
                       Defendant.  :
 :
 :
------------------------------------------------------------ x
**DORA L. IRIZARRY, U.S. District Judge:**

      Petitioner Patrick Thomas ("Petitioner"), appearing *pro se*[1] and currently incarcerated at Coxsackie Correctional Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and to proceed *in forma pauperis*. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial consideration of this petition and, for the reasons set forth below, determines that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The court grants Petitioner's request to proceed *in forma pauperis* and directs Petitioner to show cause by April 1, 2013 why the petition should not be dismissed as time-barred.

## BACKGROUND

      On November 20, 1992, Petitioner was convicted, upon a jury verdict, in New York State Supreme Court, Kings County, of murder in the second degree, criminal possession of a weapon in the second degree, attempted murder in the second degree, assault in the second degree and

---

[1] In light of Petitioner's *pro se* status, the court holds his submissions to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis omitted).

criminal possession of a weapon in the fourth degree, and sentenced to twenty eight years to life imprisonment. (Pet. at 2.) On August 14, 1995, the Appellate Division affirmed the conviction. (*Id.* at 3); *People v. Thomas*, 218 A.D.2d 718 (2d Dep't 1995).

Petitioner did not seek leave to appeal to the New York State Court of Appeals and he did not file a petition for a writ of *certiorari* from the United States Supreme Court. (Pet. at 3-4.) On November 27, 2007, Petitioner filed a post-conviction motion to vacate the Appellate Division's affirmance through a writ of error *coram nobis*, which was denied on April 22, 2008. (*Id.* at 4); *see also People v. Thomas*, 50 A.D.3d 1068 (2d Dep't 2008). Leave to appeal the Appellate Division's denial of post-conviction relief was denied by the New York State Court of Appeals on September 11, 2008. *See People v. Thomas*, 11 N.Y.3d 795 (2008).

Petitioner filed the instant action petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 14, 2013. Petitioner asserts that: (1) the trial court erred in ruling that a pre-trial identification was confirmatory; (2) the guilty verdict was against the weight of the evidence; (3) a proposed defense witness was erroneously precluded from testifying; (4) prosecutorial misconduct in the summation deprived Petitioner of a fair trial; and (5) appellate counsel was ineffective. (Pet. at 6-13.)

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's judgment became final on September 13, 1995, when he did not seek leave to appeal to the New York State Court of Appeals from the Appellate Division's decision on direct appeal. *See Timmons v. Lee*, 2010 WL 3724772, at *2 (E.D.N.Y. Sept. 17, 2010) (petitioner had thirty days from the date his conviction was affirmed by the Appellate Division to seek leave to appeal from the New York State Court of Appeals, but since he did not seek leave to appeal his conviction became final at the conclusion of that thirty-day period (citing *Moshier v. United States*, 402 F. 3d 116, 118 (2d Cir. 2005) (per curiam)); N.Y. Crim. Proc. Law § 460.10(5)(a). Because Petitioner's conviction became final prior to the effective date of the AEDPA, he was entitled to a one-year grace period in which to file his habeas corpus petition, *i.e.*, until April 24, 1997. *Carey v. Saffold*, 536 U.S. 214, 217 (2002); *Ross v. Artuz*, 150 F. 3d 97, 100-03 (2d Cir. 1998). Instead, this petition was filed on February 14, 2013, long after the grace period had already expired. Therefore, unless Petitioner can show that the one-year grace period should be tolled due to statutory or equitable tolling, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

Pursuant to 28 U.S.C. § 2244(d), the one-year statute of limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to

3

the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. The statute merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. *Smith v. McGinnis*, 208 F. 3d 13, 16-17 (2d Cir. 2000) (per curiam). Because Petitioner filed his post-conviction motion on November 27, 2007, well after the grace period had expired, it does not make the instant petition timely. Therefore, statutory tolling does not help Petitioner.

The limitations period may also be equitably tolled, but only if Petitioner (1) "has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted); *see also Smith*, 208 F. 3d at 17.

Petitioner argues that his "appellate counsel failed to file a certificate of appeal application with the New York State Court of Appeals" and "that he is factual innocent [sic] of the crimes for which he was convicted and would like for this court to give petitioner an opportunity to prove his innocence." (Pet. at 14.) The Second Circuit has recently recognized an actual innocence exception to the AEDPA's period of limitations. *See Rivas v. Fischer*, 687 F. 3d 514 (2d Cir. 2012). However, "a claim of actual innocence must be both 'credible' and 'compelling.'" *Id.* at 541 (citing *House v. Bell*, 547 U.S. 518, 521, 538 (2006)); *see also Schlup v. Delo*, 513 U.S. 298, 316 (1995). A credible claim of actual innocence consists of "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also House*, 547 U.S. at 537; *Rivas*, 687 F. 3d at 541. "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no

4

reasonable juror would find him guilty beyond a reasonable doubt – or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.'" *Rivas*, 687 F. 3d at 541 (quoting *House*, 547 U.S. at 538). Here, Petitioner provides no facts to support his actual innocence claim, but merely makes a conclusory assertion of his innocence. (*See* Pet. at 14.)

Accordingly, the petition is insufficient and the court directs Petitioner to show cause by written affirmation[2] by April 1, 2013 why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F. 3d 117, 124 (2d Cir. 2000) ("Where the dismissal is based on procedural grounds . . . the district court must provide notice and an opportunity to be heard prior to dismissal. . . ."). In the affirmation, Petitioner must present any facts that would support his claim of actual innocence. In order for the court to consider whether to apply equitable tolling, Petitioner must provide the dates of all relevant events and facts to support that extraordinary circumstances prevented him from timely filing the petition. If Petitioner fails to comply with this Summary Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). If filed within 30 days, Petitioner's affirmation shall be reviewed pursuant to Rule 4 of the Habeas Rules and 28 U.S.C. § 2244(d).

## CONCLUSION

For the reasons set for the above, Petitioner must show cause by written affirmation why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. The affirmation must be filed no later than April 1, 2013, or the petition will be dismissed as time barred.

---

[2] An affirmation form is attached to this order for Petitioner's convenience.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until Petitioner has complied with this Summary Order. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. N.Y. State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 28, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge