UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PATRICK THOMAS, *pro se*,                              :
                                                       :
                          Petitioner,                  :
                                                       :         **SUMMARY ORDER**
              -against-                                :         13-CV-893 (DLI)
                                                       :
DANIEL MARTUSCELLO,                                    :
Superintendent, Coxsackie Correctional                 :
Facility,                                              :
                                                       :
                          Respondent.                  :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* Petitioner Patrick Thomas ("Petitioner") filed the instant Petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (*See* Petition ("Pet."), Dkt. Entry No. 1.) On February 28, 2013, this Court ordered Petitioner to show cause why the action should not be dismissed as time-barred. (*See* February 28, 2013 Summary Order ("2/28/13 Summ. Or."), Dkt. Entry No. 4.) On March 27, 2013, Petitioner filed an affirmation in response to the Court's February 28, 2013 Summary Order. (*See* Petitioner's Affirmation ("Pet'r's Affirm."), Dkt. Entry No. 6.) For the reasons set forth below, the Petition is dismissed as time-barred.

## DISCUSSION

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional

deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

This Order is prepared for the benefit of the parties and familiarity with the underlying facts is assumed. As discussed in the Court's prior Summary Order, Petitioner's judgment of conviction became final on September 13, 1995. (2/28/13 Summ. Or. at 3.) However, Petitioner did not file this Petition until February 14, 2013, nearly eighteen years later. (*Id*.) Thus, the Petition would be time-barred under the one-year statute of limitations for habeas actions, set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), unless Petitioner could show cause as to why he is entitled to equitable tolling of the AEDPA statute of limitations or that he is actually innocent. (*Id*. at 3-5.)

In response to the Court's Order, Petitioner asserts that, during his trial, one of the witnesses identified an individual in the courtroom, other than him, as the perpetrator, and that the trial judge, attorneys, and other personnel "covered up this fact." (Pet'r's Affirm. at 1.) As a preliminary matter, this ground for habeas relief was available based upon the trial record, and could have been filed timely. Petitioner does not provide any explanation as to his delay in filing a timely habeas action. Moreover, he failed to set forth any facts showing he diligently pursued his rights and that extraordinary circumstances prevented his timely filing. Thus, equitable tolling is inapplicable and the Petition is dismissed as time-barred.

Second, Petitioner failed to establish a credible claim of actual innocence as his claim is premised on his unsupported assertions of judicial and prosecutorial misconduct, which are insufficient to establish such a claim. *See Rivas v. Fischer*, 687 F. 3d 514, 541 (2d Cir. 2012) (explaining that "a claim of actual innocence must be both 'credible' and 'compelling'"); *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995) (noting that a credible claim of actual innocence

2

consists of "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial"). Accordingly, the Petition is dismissed.

## CONCLUSION

For the reasons set forth above, the Petition is dismissed in its entirety. Petitioner is further denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED: Brooklyn, New York
March 24, 2014

/s/
DORA L. IRIZARRY
United States District Judge